IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER, | No. C 14-0402 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CHERYL A. VAUGHN, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a former parolee of the State of California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against a judge of the Contra Costa County Superior Court, the Contra Costa County Public Defender, police officers, and other public officials involved in his criminal prosecution. For the reasons discussed below, the complaint is dismissed without prejudice. The application to proceed *in forma pauperis* is granted in a separate order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendants conspired together to have him wrongly arrested, prosecuted, and incarcerated on the basis of a criminal conviction.  He seeks money damages.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*  It is clear from the complaint that his conviction and consequent confinement have not been invalidated.  It is equally clear that his claims for false arrest and incarceration would, if proven, necessarily imply the invalidity of his confinement. *See id.*  Therefore, he fails to state a cognizable claim for damages under Section 1983, and such claims must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*,

49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set out above, this action is DISMISSED without prejudice.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: April 3, 2014

_____
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

EDWARD LEE TURNER,

    Plaintiff,

  v.

CHERYL VAUGHN ET AL et al,

    Defendant.

Case Number: CV14-00402 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Lee Turner
V25872
P.O. Box 799002
San Diego, CA 92771

Dated: April 3, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk